UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03320-SVW-E | Date | July 13, 2021 |
|---|---|---|---|
| Title | *Veronica Allen v. FCA US, LLC et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING [13] MOTION TO REMAND.

Before the Court is Plaintiff's motion to remand. Dkt. 13.

The Court concludes that the motion should be denied. As to actual damages, Plaintiff is entitled to the actual amount of funds paid to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal 2002). Here, Defendant has produced evidence that, thus far, Plaintiff has paid at least $29,000 to the seller. *See* Dkt. 18; *see also* Dkt. 1-4 at 31.

In addition to actual damages, Plaintiff also seeks civil penalties in the amount of two times actual damages, pursuant to Cal. Civ. Code § 1794. *See* Compl. at 26 (prayer for relief separately seeking actual damages and civil penalties in the amount of two times actual damages). Here, two times actual damages is $58,000.

Taken together, those two amounts—$58,000 and $29,000—comfortably exceed the required amount in controversy. That remains true even in light of a potential mileage offset, particularly because the Court's conclusion does not account for other potential recoveries, *e.g.*, punitive damages and attorney's fees that Plaintiff seeks. *See id.* (prayer for relief requesting attorney's fees); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (future attorney's fees should be considered in calculating amount in controversy).

Plaintiff places undue emphasis on her complaint, which states that Plaintiff "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Compl. ¶ 10. Plaintiff

 :
Initials of Preparer
PMC

suggests that this amount constitutes her "total damages"—*i.e.*, (1) actual damages; (2) civil penalties; (3) attorney's fees; and (4) punitive damages. Mot. at 6.

Even accepting this premise, Plaintiff's argument ignores the plain language of her own allegation: Plaintiff's total damages are "*not less* than $25,001.00."[1] Compl. ¶ 10 (emphasis added). In other words, the Court's conclusion that the amount in controversy is satisfied is entirely consistent with Plaintiff's allegations in her complaint.

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

---

[1] Plaintiff's argument is also entirely unpersuasive in light of her unwillingness to stipulate that "total damages" did not exceed $75,000. *See* Opp. at 1.

: 

Initials of Preparer

PMC